**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1788
_____

JULIE A. BEBERMAN,
                              Appellant

v.

UNITED STATES DEPARTMENT OF STATE;
SECRETARY OF STATE
_____

Appeal from the District Court of the United States
Virgin Islands
(D.C. No. 1-14-cv-00020)
District Judge:  Hon. Wilma A. Lewis

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2016
_____

Before:  CHAGARES, JORDAN, and HARDIMAN, <u>Circuit Judges</u>.

(Filed: January 12, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Julie A. Beberman appeals from the District Court's decisions denying her motions for a preliminary injunction and for reconsideration. Beberman, a United States Department of State employee, brought an employment discrimination suit alleging that her supervisor discriminated against her on the basis of age. Beberman sought a preliminary injunction to prevent her from having to leave her assignment in Equatorial Guinea and return to Washington, D.C. after she was denied tenure as a Foreign Service Officer. The District Court concluded that Beberman failed to demonstrate irreparable harm because if she prevailed on her lawsuit, she would be adequately compensated by money damages and equitable relief. We will affirm.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Beberman accepted a position with the State Department in January 2010. She served as a Foreign Service Officer at the embassy in Caracas, Venezuela from October 2011 to November 2012. After serving the term of her assignment in Venezuela, Beberman was reassigned to Washington, D.C. and then to Equatorial Guinea for a three-year tour set to conclude in 2017.

In May 2014, Beberman filed a complaint against the Department of State and the Secretary of State in his official capacity, alleging gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and a violation of the Privacy Act of 1974, 5 U.S.C. § 552. Beberman filed a First Amended Complaint in

2

which she withdrew her Title VII gender discrimination claim, and the District Court accepted the parties' stipulation to the dismissal of the Privacy Act claim. Beberman alleged in the First Amended Complaint that while serving at Embassy Caracas, her supervisor, Eric Cohan, discriminated against her on the basis of age by, inter alia, publicly ridiculing her, challenging her visa adjudication decisions, terminating her access to consular systems, accusing her of violating an internal protocol known as Visa Lookout Accountability, and preventing her from participating in a scheduled rotation.[1]

While this litigation was ongoing, Beberman was denied tenure as a Foreign Service Officer. Joint Appendix ("J.A.") 232. Beberman was thus required to leave her post in Equatorial Guinea and forego certain benefits associated with her overseas assignment, including hardship pay, service needs differential, and access to the Student Loan Repayment Program.

On March 18, 2016, Beberman filed an emergency motion for a temporary restraining order or preliminary injunction, seeking an order from the District Court directing the Department of State to retain her in her assignment in Equatorial Guinea. The District Court denied the motion. Beberman filed a motion for reconsideration, which the District Court also denied.

---

[1] Beberman filed several amended complaints, although she failed to obtain leave to do so. The Third Amended Complaint included a retaliation claim. Joint Appendix ("J.A.") 215. The District Court has not ruled on any of Beberman's motions for leave to amend her complaint. State Dept. Br. 3 n.1.

3

This timely appeal followed.[2]

## II.

The District Court had jurisdiction pursuant to 48 U.S.C. § 1612, 28 U.S.C. § 1331, and 29 U.S.C. § 633a. We have jurisdiction to review the District Court's denial of Beberman's motions for a preliminary injunction and reconsideration as interlocutory orders pursuant to 28 U.S.C. § 1292(a)(1).[3]

We review the District Court's decision to grant or deny a preliminary injunction for abuse of discretion. Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 210 (3d Cir. 2014). The District Court's findings of fact are reviewed for clear error, and its conclusions of law are subject to plenary review. Id. We review the District Court's decision not to hold an evidentiary hearing prior to denying the motion for a preliminary injunction for abuse of discretion. Elliott v. Kiesewetter, 98 F.3d 47, 53 (3d Cir. 1996).

A plaintiff seeking preliminary relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Ferring Pharm., Inc., 765 F.3d at 210 (quoting Winter v. Nat. Res. Def.

---

[2] Beberman filed with her notice of appeal an "Urgent Motion for Injunction Pending Appeal." This Court denied that motion on April 5, 2016 on the grounds that Beberman had failed to establish irreparable harm for substantially the same reasons set forth by the District Court. Supplemental Appendix 23.

[3] We lack jurisdiction to review the District Court's decision to the extent it denied a temporary restraining order. See Vuitton v. White, 945 F.2d 569, 573 (3d Cir. 1991) ("[O]rders granting or denying temporary restraining orders, unlike orders granting or denying preliminary injunctions, have been found not to be appealable under § 1292(a)(1).").

4

Council, Inc., 555 U.S. 7, 20 (2008)). The movant bears the burden of showing that these four factors weigh in favor of granting the injunction. See Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990). The "failure to establish any element . . . renders a preliminary injunction inappropriate." NutraSweet Co. v. Vit–Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999); see also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) ("[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury, must necessarily result in the denial of a preliminary injunction.").

III.

Beberman argues on appeal that the District Court acted outside its discretion in denying her motion for preliminary relief. She also argues that the District Court erred by failing to hold an evidentiary hearing or make adequate findings of fact and conclusions of law before ruling on her motion. We have considered Beberman's arguments, and for the following reasons, we will affirm the District Court's determination.

A.

The District Court denied Beberman's motion principally on the basis that Beberman did not establish irreparable harm. The District Court also concluded that none of the remaining preliminary injunction factors favored relief. We agree with the District Court that Beberman failed to demonstrate an imminent risk of irreparable harm and consider that a sufficient ground upon which to have denied relief.

5

"[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)). It is not enough that the harm be "serious or substantial, . . . . [I]t must be of a peculiar nature, so that compensation in money cannot atone for it." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)).

The District Court properly concluded that even if Beberman prevailed in her lawsuit, she could be adequately compensated by money damages or reinstatement under the ADEA. See 29 U.S.C. § 626(b) ("[T]he court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion . . . ."); see also Sampson v. Murray, 415 U.S. 61, 90 (1974) ("[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury."). Even if Beberman's position were no longer available for reinstatement at the time of judgment, a court could fashion a substitute alternative remedy as necessary. Cf. Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001) (discussing, in the context of Title VII employment discrimination claims, the remedies a court may order when reinstatement is not immediately available or viable). Similarly, Beberman has not shown that the legal process would not adequately redress any actual loss of benefits associated with her overseas assignment. See, e.g., Blum v.

6

Witco Chem. Corp., 829 F.2d 367, 373 (3d Cir. 1987) (observing that the ADEA's "broad language" encompasses a "make-whole philosophy").

Beberman is also not entitled to preliminary relief on the basis that being required to leave her post unexpectedly would cause her to "lose forever the opportunity and satisfaction of serving as a U.S. diplomat in Equatorial Guinea." Beberman Br. 47. While this may be an unfortunate consequence of the tenure denial decision, it is not the type of "extreme deprivation" that a preliminary injunction is designed to remedy. Morton v. Beyer, 822 F.2d 364, 372–73 & n.13 (3d Cir. 1987); see also Moteles v. Univ. of Pa., 730 F.2d 913, 919 (3d Cir. 1984) ("[A] discharge from employment with all of its attendant difficulties is not irreparable injury . . . .").

Beberman next argues that the District Court acted outside its discretion by failing to consider the effect of her retaliation claim on the assessment of irreparable harm. We reject this contention for at least three reasons. First, Beberman's retaliation claim was not stated in the operative First Amended Complaint. It was included only in her Third Amended Complaint, which she lacked leave to file. Fed. R. Civ. P. 15(a)(2). As Beberman concedes, the Third Amended Complaint was thus not the "active complaint" when the motion for preliminary injunction was filed. Beberman Reply Br. 6. Second, Beberman did not address retaliation in her briefing on the preliminary injunction. To the contrary, she addressed only the possibility of "personal irreparable harm." J.A. 222. She thus insulated this theory of relief from appellate review. See Iraola & CIA, S.A. v. Kimberly–Clark Corp., 325 F.3d 1274, 1284–85 (11th Cir. 2003). Finally, Beberman offered no evidence, much less "affirmative evidence," from which it could be inferred

7

that any chill of protected activity had occurred or was imminent. Marxe v. Jackson, 833 F.2d 1121, 1126, 1128–29 (3d Cir. 1987) (observing that although retaliatory discharge may be relevant because it can discourage potential witnesses from cooperating with the plaintiff or from pursuing their own civil rights claims, the plaintiff still bears a burden to show irreparable harm). The District Court therefore did not err by failing to consider Beberman's retaliation claim.

Because Beberman has not established a risk of irreparable harm, the District Court did not act outside its discretion in denying her motion for a preliminary injunction. Thus, we need not delve into Beberman's remaining arguments. See Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 374 (3d Cir. 2012) (declining to address the remaining preliminary injunction factors when the plaintiff failed to meet one factor); NutraSweet Co., 176 F.3d at 153.

B.

Beberman also argues that the District Court acted outside its discretion by declining to hold an evidentiary hearing or by failing to make adequate findings of fact and conclusions of law. We do not agree.

"[A]n evidentiary hearing is not always required before resolving a preliminary injunction." Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 324 (3d Cir. 2015). Indeed, "a district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1176 (3d Cir. 1990). To determine whether the District Court has made adequate

8

findings supporting the denial of an injunction, we "look[] to see whether the record provides a sufficient basis to ascertain the legal and factual grounds for the grant or denial of the injunction." Id. at 1178–79.

The District Court here determined that there was no factual basis to support Beberman's claim of irreparable harm and made adequate findings on that issue sufficient to permit appellate review.[4] Because the District Court could resolve this issue on legal grounds alone, an evidentiary hearing was unnecessary. Accordingly, we reject Beberman's contentions that the District Court erred by failing to hold an evidentiary hearing or by making inadequate findings and conclusions.

IV.

For the foregoing reasons, we will affirm the District Court's orders denying a preliminary injunction and denying the motion to reconsider.

---

[4] As discussed, the District Court's denial of the preliminary injunction motion for failure to show irreparable harm was an independently sufficient legal ground on which to resolve the motion. To the extent Beberman challenges the District Court's purported failure to make factual findings on the other prongs of the preliminary injunction analysis, we need not address those arguments.

9